IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2024 Session



**JAMESWAY CONSTRUCTION, INC. V. DAVID W. SALYERS, P.E.**

**Appeal from the Chancery Court for Davidson County**
No. 23-0419-II      Anne C. Martin, Chancellor
_____

**No. M2023-01704-COA-R3-CV**
_____

The plaintiff appeals from the dismissal of its claim concerning the Water Quality Control Act ("WQCA"), codified at Tennessee Code Annotated section 69-3-101, et seq.[1]  We now affirm the dismissal due to the applicable statute of limitations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., joined.  JEFFREY USMAN, J., filed a separate dissenting opinion.

Jonathan Skrmetti, Attorney General & Reporter; J. Matthew Rice, Solicitor General; and Laura Wyatt, Senior Assistant Attorney General, for the appellant, David W. Salyers, P.E. as Commissioner of the Tennessee Department of Environment and Conservation.

Sharon O. Jacobs and J. Patrick Clarke, IV, Nashville, Tennessee, for the appellee, Jamesway Construction, Inc.

**OPINION**

**I.      BACKGROUND**

Jamesway Construction, Inc. ("Jamesway") is a construction company that is authorized to do business in Tennessee.  In 2016, Jamesway contracted with Harper & Company, Inc. to place fill material on property located in Coffee County, Tennessee. Jamesway placed the fill dirt as agreed.

---

[1] "[T]he purpose of this part is to abate existing pollution of the waters of Tennessee, to reclaim polluted waters, to prevent the future pollution of the waters, and to plan for the future use of the waters so that the water resources of Tennessee might be used and enjoyed to the fullest extent consistent with the maintenance of unpolluted waters."  Tenn. Code Ann. § 69-3-102(b).

On September 26, 2018, the Tennessee Department of Environment and Conservation ("TDEC") issued an order and assessment against Jamesway and others for placing the fill material on wetlands, an alleged violation of the WQCA. Jamesway appealed to the Board of Water Quality, Oil, and Gas ("the Board"). The matter was assigned to Judge Steve R. Darnell, an administrative law judge.

On September 2, 2022, Judge Darnell issued an order finding that TDEC failed to establish its claim of improper placement of the fill material on wetlands but that Jamesway failed to obtain a stormwater discharge permit prior to its placement of the material. Judge Darnell assessed a penalty of $10,000.

On September 27, 2022, the TDEC appealed the decision to the Board. Jamesway moved to dismiss, arguing that the court lacked subject matter jurisdiction because the TDEC failed to timely file its appeal within 15 days of the order pursuant to the Uniform Administrative Procedures Act ("UAPA").[2] Jamesway also argued that dismissal was warranted because the TDEC failed to list the basis of its appeal as required by statute.[3]

The Board, through Judge Richard Murrell, another administrative law judge, denied the motion to dismiss, holding that the WQCA governed the issue of timeliness and that Section 69-3-110 permits a period of 30 days within which to file an appeal.

On April 3, 2023, Jamesway filed a petition for judicial review of the preliminary decision in the Chancery Court of Davidson County pursuant to Tennessee Code Annotated section 4-5-322(a)(1), which provides that "[a] preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Jamesway argued that dismissal was warranted because the appeal was untimely and deficient pursuant to the UAPA. Jamesway also sought attorney fees.

The chancery court issued a final order on November 21, 2023, reversing the denial of the motion to dismiss because the appeal was untimely filed. The trial court found that the UAPA controlled the appeal and that the initial order became final on September 17, 2022. The court declined to award attorney fees but remanded the issue to the administrative law judge. This appeal followed.

---

[2] "A petition for appeal from an initial order shall be filed with the agency, or with any person designated for such purpose by rule of the agency, within fifteen (15) days after entry of the initial order[.]" Tenn. Code Ann. § 4-5-315(b).

[3] "The petition for appeal shall state its basis. If the agency on its own motion gives notice of its intent to review an initial order, the agency shall identify the issues that it intends to review." Tenn. Code Ann. § 4-5-315(b).

## II. ISSUES

We consolidate and restate the dispositive issues on appeal as follows:

A.      Whether the appeal from the initial order is governed by the UAPA or the WQCA.

B.      Whether Jamesway is entitled to attorney fees below and now on appeal.

## III. STANDARD OF REVIEW

Judicial review of decisions by administrative agencies following contested case hearings is governed by the Uniform Administrative Procedures Act ("UAPA"). Tenn. Code Ann. § 4-5-322(a)(1). Trial and appellate courts use the same standard of review. *Gluck v. Civil Serv. Comm'n*, 15 S.W.3d 486, 490 (Tenn. Ct. App. 1999). A court is limited to determining whether the rights of a petitioner have been prejudiced because the administrative findings and conclusions are:

(1)      In violation of constitutional or statutory provisions;

(2)      In excess of the statutory authority of the agency;

(3)      Made upon unlawful procedure;

(4)      Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)      (A) Unsupported by evidence which is both substantial and material in the light of the entire record.

(B)      In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h). "In interpreting a state statute or rule, a court presiding over the appeal of a judgment in a contested case shall not defer to a state agency's interpretation of the statute or rule and shall interpret the statute or rule de novo. After applying all customary tools of interpretation, the court shall resolve any remaining ambiguity against increased agency authority." Tenn. Code Ann. § 4-5-326.

## IV. DISCUSSION

### A.

The UAPA clearly provides that "[a] petition for appeal from an initial order shall be filed with the agency, or with any person designated for such purpose by rule of the agency, within fifteen (15) days after entry of the initial order[.]" Tenn. Code Ann. § 4-5-315(b). In direct conflict, the WQCA act provides, in pertinent part, that "the administrative judge's initial order, together with any earlier orders issued by the administrative judge, shall become final unless appealed to the [Board] within [30] days of entry of the initial order." Tenn Code Ann. § 69-3-110(a).

Jamesway argues that the TDEC's appeal from the initial order is governed by the 15-day time limitation set forth in the UAPA. The TDEC responds that the more recent and specific amendment to the WQCA governs the issue and supersedes the 15-day time limitation with the 30-day time limitation, thereby rendering the appeal timely filed. In such cases, our Supreme Court offered the following guidance:

> When . . . tasked with construing statutes, "[t]he most basic principle" is that we seek to "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Welch*, 595 S.W.3d 615, 621 (Tenn. 2020) (quoting *State v. Howard*, 504 S.W.3d 260, 269 (Tenn. 2016)). We must interpret a statute "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Culbreath v. First Tenn. Bank Nat'l Ass'n*, 44 S.W.3d 518, 524 (Tenn. 2001) (quoting *Cafarelli v. Yancy*, 226 F.3d 492, 499 (6th Cir. 2000)). A statute that has a clear meaning is to be "enforce[d] . . . as written," *State v. Deberry*, 651 S.W.3d 918, 925 (Tenn. 2022) (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)), and the legislature's intent is to be "derived from the plain and ordinary meaning of the statutory language." *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004) (citing *Carson Creek Vacation Resorts v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993)).

> When two statutes conflict, "a more specific statutory provision takes precedence over a more general provision." *Lovlace v. Copley*, 418 S.W.3d 1, 20 (Tenn. 2013) (quoting *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010)). Generally, when "two acts conflict and cannot be reconciled, the prior act will be repealed or amended by implication to the extent of the inconsistency between the two." *Hayes v. Gibson Cnty.*, 288 S.W.3d 334, 337 (Tenn. 2009) (quoting *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn.

1995)).  Nevertheless, "[r]epeals by implication . . . are disfavored in Tennessee" and are to "be recognized only when no fair and reasonable construction will permit the statutes to stand together." *Id.* (quoting *Cronin*, 906 S.W.2d at 912).  Courts are to "presume that the General Assembly is aware of its own prior enactments and knows the state of the law when it enacts a subsequent statute." *Lovlace*, 418 S.W.3d at 20 (citing *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010)).

Further, when multiple statutes "relate to the same subject matter or have a common purpose," they are to be considered *in pari materia.  In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015).  This principle requires courts to construe statutes "together" and "to give the intended effect to both" statutes. *Id.* at 548, 552.  Under such circumstances, we seek to uncover "the most 'reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws.'" *Id.* at 552 (*quoting Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997)).  Aligned with the related-statutes canon of statutory interpretation, it is "based upon a realistic assessment of what the legislature ought to have meant," and is derived from the expectations that "the body of the law should make sense" and that "it is the responsibility of the courts, within the permissible meanings of the text, to make it so."  Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 252 (2012).

*Falls v. Goins*, 673 S.W.3d 173, 180 (Tenn. 2023).

Enacted in 1974, the UAPA was created in response to the growth of state administrative agencies in an effort "to clarify and bring uniformity to the procedure of state administrative agencies and judicial review of their determinations."  Tenn. Code Ann. § 4-5-103(a)(1); *Pickard v. Tennessee Dep't of Env't & Conservation*, No. M2011-01172-COA-R3-CV, 2012 WL 3329618, at *9 (Tenn. Ct. App. Aug. 14, 2012) (providing that the UAPA was created "in response to the proliferation of state boards and agencies" and their conflicting judicial review processes).  The UAPA further provides that in cases of conflict "between [the UAPA] and any statute, whether general or specific, this chapter shall control[.]"  Tenn. Code Ann. § 4-5-103(b).

Enacted in 1971 and replaced in 1977, the WQCA created one such state administrative agency to address the specific issue of water pollution in our state.  Tenn. Code Ann. § 69-3-104.  The WQCA specifically deferred to the procedural processes outlined in the UAPA.  *See* Tenn. Code Ann. § 69-3-102(d) (stating that "it is intended that all procedures in this part shall be in conformity" with the UAPA); § 69-3-120(e) ("All procedures in this part are intended to be in conformity with the [UAPA.]  If any provision of this part conflicts with the [UAPA], then the latter shall govern.").

Despite this, the TDEC argues that the 2013 amendment to the WQCA, which provided the change at issue in the appeal process, should control as the most recent legislation. Language found in the 2013 amendment provided as follows:

> For the purpose of construing this act in relation to the [UAPA], this act shall be deemed to be procedural in nature. It is the intent of the general assembly that this act and the [UAPA] shall be complied with, however when in conflict, this act shall govern.

The TDEC argues that this most recent legislation evidenced an intent to rewrite the appeal provisions under the environmental statutes.

As noted by the chancery court, the well-established rules of statutory construction direct us to look at the plain and ordinary meaning of the statutory language in an effort to reconcile conflicting statutes without expanding the provisions. The provision highlighted by the TDEC was never codified into the statute that expressly defers to the procedures outlined by the UAPA. While such provisions are helpful in ascertaining the legislature's intent, the plain and ordinary meaning from the codified statutes at issue here is clear. Accordingly, we affirm the chancery court's determination that the 15-day time limitation applied, thereby rendering the appeal untimely.[4]

## B.

Tennessee follows the American Rule which provides that "litigants pay their own attorney[ ] fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). Jamesway suggests that an award of attorney fees is warranted pursuant to Tennessee Code Annotated section 4-5-325, which provides as follows:

> (a)(1) When a state agency issues a notice to a person, local governmental entity, board, or commission for the violation of a rule or statute and the notice results in a contested case hearing, at the conclusion of the contested case hearing, the hearing officer or administrative judge may order the state agency to pay to the respondent the reasonable expenses incurred because of the notice, including a reasonable attorney's fee, if the hearing officer or administrative judge determines that:

---

[4] Jamesway's secondary argument that the TDEC's failure to state the basis for its appeal warranted dismissal is pretermitted by this court's determination.

- 6 -

(A)(i) The claims contained in the notice are not warranted by existing law nor by a nonfrivolous argument for the extension or modification of existing law; and

(ii) The claims contained in the notice do not have evidentiary support; or

(B) The state agency issued the notice to harass, cause unnecessary delay, or cause needless expense to the party issued the notice.

(2) Subdivision (a)(1) is not satisfied simply by a state agency failing to prevail against the respondent.

(3) If the hearing officer or administrative judge orders the state agency to pay the respondent the reasonable expenses incurred, then the hearing officer or administrative judge shall set forth in a written order the findings of facts and conclusions of law upon which the determinations are based.

(b) If a final decision in a contested case hearing results in a respondent seeking judicial review under § 4-5-322, then the judge conducting the review may, at the conclusion of the hearing, make the same findings and enter the same order as authorized by the hearing officer or administrative judge pursuant to subsection (a).

We remand for a determination as to whether Jamesway is entitled to any attorney fees based upon the results of the contested case hearing at the administrative level and based upon the judicial review at the chancery court level. To the extent Jamesway seeks attorney fees from this court pursuant to Section 4-5-325, we respectfully deny the request.

Jamesway also suggests that recovery of attorney fees on appeal is warranted due to the frivolous nature of the appeal from a final order. Tennessee Code Annotated section 27-1-122, provides that:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. We respectfully deny the request for attorney fees on appeal pursuant to Section 27-1-122.

# V. CONCLUSION

For the reasons stated above, we affirm the decision of the trial court. The case is remanded for further proceedings consistent with this opinion. Costs of the appeal are taxed to the appellant, David W. Salyers, P.E. as Commissioner of the Tennessee Department of Environment and Conservation.

_____
JOHN W. MCCLARTY, JUDGE